# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TRACY N. THOMPSON

        Plaintiff,                            Civil Action 2:12-CV-1087
   v.                                       Judge Gregory L. Frost
                                              Magistrate Judge Elizabeth P. Deavers

**THE OHIO STATE UNIVERSITY,**
*et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Extension of Time and to File an Answer *Instanter* (ECF No. 49), Plaintiff's Memorandum in Opposition (ECF No. 52), and Defendants' Reply (ECF No. 56). For the reasons that follow, Defendants' Motion is **GRANTED**.

### I.

The Court set out the factual background in this case in its January 6, 2014 Opinion and Order. (ECF No. 40.) For the purpose of efficiency, the Court adopts that factual background and will only set forth facts necessary to dispose of the instant Motion.

Plaintiff filed her first Complaint in this action on November 26, 2012. Rather than filing an Answer, Defendants filed their first Motion to Dismiss on April 4, 2013. (ECF No. 7.) Plaintiff then filed her Amended Complaint on May 20, 2013. (ECF No. 23.) As a result, the Court terminated Defendants' first Motion to Dismiss as moot. (ECF No. 28.)

Defendants filed their second Motion to Dismiss on July 12, 2013. (ECF No. 29.) On January 6, 2014, the Court granted in part and denied in part Defendants' Motion. (ECF No. 40.) Specifically, the Court Dismissed Count II of Plaintiff's Amended Complaint alleging a claim based on substantive due process, but allowed Counts I, III, and IV to proceed. (Order 1, ECF No. 40.) Since that time, the parties have engaged in paper discovery and conducted depositions.

Defendants filed the instant Motion on May 2, 2014, seeking permission from the Court to file an Answer to Plaintiff's Amended Complaint *instanter*. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants' Answer was due fourteen days after notice of the Court's ruling on their second Motion to Dismiss. Defendants maintain that they inadvertently failed to file their Answer after the Court issued its ruling. They contend that their inadvertent failure to file a timely Answer to the remaining claims in Plaintiff's Amended Complaint constitutes excusable neglect. Furthermore, Defendants posit that Plaintiff will not be prejudiced by the late filing because, according to them, "even Plaintiff failed to recognize Defendants' excusable neglect." (Mot. 3, ECF No. 49.) Defendants emphasize the equitable nature of the excusable-neglect analysis and assert that justice requires that the case proceed on its merits.

Plaintiff opposes Defendants' Motion. She asserts that Defendants have not shown that the delay was due to excusable neglect. She contends that Defendants' late Answer will prejudice her because it will require additional discovery and an extension of the trial date for a case that has already been pending for two years. Plaintiff indicates that her defense strategy has been adjusted based on Defendants' failure to file a timely Answer. Specifically, Plaintiff asserts that her counsel has "elected not to pursue, among other things, certain third-party discovery and investigation" because it would not be necessary due to Defendants' admissions brought about by their failure to plead, and provides an affidavit attesting to that strategy. (Mem. in Opp. 7,

ECF No. 52.) Plaintiff further asserts that Defendants have failed to show a sufficient reason for delay and that the 102-day lapse between January 20, 2014 and May 2, 2014 will have a substantial impact on these judicial proceedings. Plaintiff posits that Defendants have not acted in good faith based on past conduct by the Ohio Attorney General's Office.

In their Reply, Defendants assert that Plaintiff relies on an erroneous reading of the case law. Defendants contend that Plaintiff will not suffer prejudice because she has been conducting discovery related to both liability and damages, as if Defendants had not admitted the factual allegations in her Amended Complaint. Defendants insist that they did not act in bad faith and filed the instant Motion immediately when they discovered the error. Defendants maintain that Plaintiff will not suffer prejudice because discovery remains open and dispositive motions have not yet been filed.

## II.

Under Federal Rule of Civil Procedure 6(B)(1)(b), the Court may grant an extension of time to file where a party's failure to act was due to excusable neglect. Fed. R. Civ. P. 6(B)(1)(b). The United States Court of Appeals for the Sixth Circuit described the standard this Court must apply, commonly referred to as the "*Pioneer* factors," as follows:

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is an "elastic concept" permitting courts to "accept late filings caused by inadvertence, mistake, or

3

carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

### III.

Applying the foregoing authority, the Court concludes that the *Pioneer* factors weigh in favor of granting Defendants' Motion. As to the first factor, Plaintiff indicates that she will be prejudiced because her defense strategy was based upon Defendants' failure to answer her Amended Complaint. Defendants emphasize, however, that Plaintiff has had the opportunity to conduct extensive discovery into areas that would be relevant only if Defendants had not admitted the facts in Plaintiff's Amended Complaint. Furthermore, the discovery deadline has not yet passed. Any potential prejudice could be mitigated by requesting an extension to the discovery deadline.[1] Furthermore, prejudice alone may not, in all instances, provide a basis upon which the Court will deny a party leave to file *instanter* if other circumstances suggest that denial would be unjust. *See Elliott v. Simms*, No. 2:08-cv-1144, 2009 WL 1362508, at *3 (S.D. Ohio May 13, 2009) (granting defendants' motion for leave to file answer *instanter* despite a finding that plaintiff would be prejudiced).

As to the second factor, Defendants have filed their Answer 102 days after it was due. While this is not a short delay, its potential impact on the judicial proceedings is minimal. *See Toliver v. Liberty Mut. Fire Ins. Co.,* 2:06-CV-00904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (finding that a delay of "slightly more than two months" would not prejudice "the Court in its ability to resolve this litigation in a timely fashion."); *Morgan v. Gandalf, Ltd.*, 165 Fed. App'x 425, 429 (6th Cir. 2006) (allowing defendants to file an answer eight months late).

---

[1] The Court expresses no opinion as to whether any such motion would be granted. The Court notes, however, when Defendants filed the Motion for Extension, the discovery deadline was twelve weeks away. In the five weeks the instant Motion has been pending, Plaintiff has not sought additional discovery.

As to the fourth and fifth factors, Defendants concede that the failure to file a timely Answer was within their control. The record, however, does not bear out Plaintiff's suspicion that Defendants' failure was a result of bad faith. Defendants have actively defended in this case by filing two Motions to Dismiss. *See Taylor v. Cleveland Healthcare Grp. Inc.*, No. 1:11-CV-01838, 2011 WL 5873018, at *1 (N.D. Ohio Nov. 22, 2011) (finding no bad faith where defendants had appeared in the litigation by removing the case to federal court). Furthermore, Defendants have provided an affidavit of counsel averring that the proposed Answer and instant Motion were filed as soon as he discovered the error. (Caryer Aff. ¶ 3, ECF No. 56-1.); *see Elliott*, 2009 WL 1362508 at *3 (citing defendants' immediate filing upon discovering that the response was past due as a factor in determining good faith).

As to the third and arguably most important factor, Defendants indicate that the reason for delay was mere inadvertence. "[A]lthough attorney error or inadvertence will not ordinarily support a finding of excusable neglect," this factor must be weighed against the other factors and the interests of justice. *Morgan*, 165 Fed. App'x at 429 (concluding that defendants' eight-month delay in filing an answer constituted excusable neglect because there was no evidence of bad faith). Given the elastic and equitable nature of the excusable neglect standard, denying Defendants leave to file their answer would not serve the interest of justice. *See Pioneer*, 507 U.S. 395 (concluding that the determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission"). Both parties have actively litigated this case and have conducted extensive discovery. The Court finds no evidence of bad faith on the part of Defendants in failing to file the Answer within the time permitted by Rule 12(a)(4).

Applying the *Pioneer* factors, the Court finds that Defendants' failure to timely file their Answer was the result of excusable neglect. Accordingly, Defendants' Motion is **GRANTED.**

**IV.**

Defendants' Motion for Extension of Time and to File an Answer *Instanter* is **GRANTED**. (ECF No. 49) The Clerk is **DIRECTED** to file the Answer attached to Defendants' Motion as Exhibit 1. (ECF No. 49-1.)

**IT IS SO ORDERED.**


Date: June 13, 2014
/s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge