IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRACY THOMPSON,

    Plaintiff,                              Case No. 2:12-cv-1087
                                       JUDGE GREGORY L. FROST
v.                                       Magistrate Judge Deavers

THE OHIO STATE UNIVERSITY, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's objections to the Magistrate Judge's June 13, 2014 Opinion and Order granting Defendants' motion to file an answer *instanter* (ECF No. 58, hereinafter "Order"). (ECF No. 60.) For the reasons that follow, the Court **OVERRULES** the objections and **DECLINES TO SET ASIDE** the Order.

### I. BACKGROUND

The facts underlying this dispute are set forth in more detail in the Order. Essentially, after filing two motions to dismiss in this case (the last of which the Court granted in part and denied in part), Defendants inadvertently failed to file an answer. A little over three months later, during which time the parties were actively pursuing discovery, Defendants realized the error and immediately filed a motion to file answer *instanter*. (ECF No. 49.) Plaintiff did not raise the issue of the missed answer with either Defendants or this Court.

In the Order, the Magistrate Judge applied a five-factor test (commonly referred to as the "*Pioneer* factors") to determine whether Defendants' failure to timely file their answer constituted "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). After noting that the "excusable neglect" standard is elastic and equitable, and finding that the *Pioneer* factors

1

weighed in favor of permitting the late answer, the Magistrate Judge granted Defendants' motion.

Plaintiff filed objections to the Order pursuant to Rule 72(a). Those objections constitute, in large part, the same arguments that Plaintiff made to the Magistrate Judge in her memorandum in opposition to Defendants' motion. *Compare* ECF No. 60 *with* ECF No. 52. The Court now considers those objections.

## II. ANALYSIS

### A. Standard

Pursuant to 28 U.S.C. § 636, a magistrate judge may hear and determine certain pretrial matters, such as motions to extend the time in which to file an answer. *See* 28 U.S.C. § 636(b)(1)(A); *see also* E. Div. Order No. 91-3. Upon timely objection, the district judge may reconsider any such matter if a party can show "that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Review under this standard "provides considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (quoting 7 Moore's Fed. Practice ¶ 72.03).

### B. Objections

The Court first addresses Plaintiff's objection that the Magistrate Judge incorrectly applied the *Pioneer* factors. Those factors include:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380,395 (1993)).

First, Plaintiff rehashes the same arguments she made to the Magistrate Judge regarding the first and second factors. Plaintiff suggests that the Magistrate Judge's finding that Plaintiff will not suffer prejudice from the delay is clearly erroneous because "counsel for Plaintiff have adjusted and tailored their approach to the litigation to date based on that failure to file an answer." (ECF No. 60, at 7.) The Court, however, agrees with the Magistrate Judge that this factor weighs in Defendants' favor. If Plaintiff really based her litigation strategy on the fact that Defendants admitted every allegation in the Complaint by failing to timely file an answer, then it remains unclear why Plaintiff was pursuing merits discovery at all. Plaintiffs' suggestion that her counsel elected not to pursue certain discovery and investigation strategies based on Defendants' failure to answer simply is not compelling.

Regarding the second factor, Plaintiff asserts that a three-month delay "constitutes a substantial impact on judicial proceedings," (*id*. at 9), but does not persuasively refute the Magistrate Judge's conclusion that its potential impact on these proceedings is minimal. The fact that this case is still in the early stages of litigation weighs in Defendants' favor.

Plaintiff's arguments regarding the fourth and fifth *Pioneer* factors are similarly unpersuasive. As in her memorandum in opposition to Defendants' motion, Plaintiff again speculates that bad faith might be at play and asserts that prior conduct by the Ohio Attorney General's office in unrelated cases is relevant to this dispute. The Court, however, again agrees with the Magistrate Judge that the record does not support Plaintiff's suspicion that Defendants' failure to timely file their answer was the result of bad faith.

The crux of Plaintiff's argument appears to be that the Magistrate Judge acted contrary to law by failing to give the third factor (the reason for the delay) enough deference. Plaintiff argues that the Magistrate Judge wrongly considered the third factor to be "arguably the most

important," rather than the "most important," but the term "arguably" does not appear to have played any role in the Magistrate Judge's analysis. Instead, the Magistrate Judge correctly weighed the third factor against the other factors, while recognizing that the excusable neglect standard is elastic and equitable in nature. Plaintiff does not persuasively explain why that analysis is clearly erroneous or contrary to law.

Having found that Plaintiffs' first objection does not warrant a modification of the Order, the Court next considers Plaintiff's objection that the Magistrate Judge incorrectly considered evidence presented for the first time in Defendants' reply. Specifically, Plaintiff argues that Defendants failed to attach any evidence in their motion, such that the Magistrate Judge acted contrary to law by considering an affidavit attached to Defendants' reply. The Court rejects this argument for three reasons.

First, although evidence outside the record might be necessary to prove excusable neglect in some cases, it is not required in every case. *Compare Amick v. Ohio Dep't of Rehab. & Corrections*, No. 2:09-cv-812, 2011 WL 4055246, at *2 (S.D. Ohio Sept. 8, 2011) (denying a motion for leave to file answer and crossclaim *instanter* filed over a year after the litigation begun because, *inter alia*, the moving party provided no evidence to support his claim that he was unable to file the documents earlier because he feared retaliation while in prison) *with Tolliver v. Liberty Mut. Fire Ins. Co.,* No. 2:06-cv-00904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (permitting a defendant to file a late answer and citing only the record without reference to outside evidence). Second, the Magistrate Judge's conclusion that the record suggests good faith in this case did not depend on Defendants' affidavit. *See* ECF No. 58, at 5. Indeed, it cannot be disputed that Defendants have actively defended and participated in this case since its inception. *Cf. Tolliver*, 2008 WL 545018, at *1 (finding excusable neglect at least in

4

part because "there is no evidence that [the defendant] did not act in good faith"). And finally, Plaintiff had adequate time to respond to Defendants' assertion in their motion that they acted in good faith by filing the answer immediately upon recognizing the error. The affidavit in the reply brief merely corroborated that assertion. Accordingly, the Court declines to set aside the Magistrate Order on this ground.

For her third objection, Plaintiff argues that the Magistrate Judge acted contrary to law by ignoring Defendants' failure to solicit consent for the proposed extension pursuant to Southern District of Ohio Civil Rule 7.3(b). But Plaintiff cites no authority for the proposition that a party's failure to comply with Local Rule 7.3(b) before filing a motion mandates denial of that motion. Accordingly, Plaintiff failed to explain how the Magistrate Judge's omission of Local Rule 7.3(b) renders the Order clearly erroneous or contrary to law.

Finally, Plaintiff argues that analogous case law supports her position, but that argument is not persuasive given the case-by-case analysis pursuant to Federal Rule of Civil Procedure 6 that courts must employ. Absent any binding precedent that is directly analogous and contradictory to the Order, Plaintiff's discussion of similar cases does not render the Order clearly erroneous or contrary to law.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 60) and **DECLINES TO SET ASIDE** the Order (ECF No. 58).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE