IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRACY THOMPSON,

    Plaintiff,                                     Case No. 2:12-cv-1087
                                                JUDGE GREGORY L. FROST
v.                                                Magistrate Judge Deavers

THE OHIO STATE UNIVERSITY, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion to review the Clerk's taxation of costs (ECF No. 106), and Defendants' memorandum in opposition (ECF No. 108). For the reasons that follow, the Court **GRANTS** the motion and declines to tax costs in this case.

**I.    BACKGROUND**

The facts of this case are set forth in more detail in the Court's February 20, 2015 Opinion and Order granting Defendants' motion for summary judgment. The Court summarizes those facts briefly below.

Plaintiff, an African-American female, holds a Master's Degree in Health Administration from the Ohio State University ("OSU"). During her tenure at OSU, Plaintiff was caught plagiarizing an assignment. The professor who discovered the plagiarism reported the same to the Committee on Academic Misconduct (the "Committee"). The Committee, which is a neutral panel of faculty members and students, investigated the report, held a hearing, and found Plaintiff guilty of plagiarism. Plaintiff was suspended from OSU for two quarters.

During her suspension, Plaintiff attempted to complete a course in which she had enrolled the prior semester. There is some dispute between the parties about whether Plaintiff was given

permission to complete the course by a different professor. OSU's Office of Student Conduct, however, investigated the situation, held a hearing, found Plaintiff guilty of failing to comply with sanctions, and imposed an additional suspension.

Plaintiff sued the professor who reported the plagiarism, OSU, and two other professors involved in the investigation for race discrimination (among other things). Plaintiff alleged that she was singled out for punishment on the basis of race.

At the summary judgment stage, Plaintiff had no direct evidence of race discrimination. Plaintiff relied solely on the fact that the professor in question previously had reported other African-American students (and no Caucasian students) for plagiarism.

The Court granted Defendants' motion for summary judgment. Plaintiff appealed, and the Sixth Circuit affirmed the Court's decision.

Defendants filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Defendants seek $5,560.15 for transcript costs, court reporter fees, and copying costs. The Clerk reviewed Defendants' bill and taxed costs against Plaintiff in the amount of $5,560.15.

Plaintiff now moves to review the Clerk's taxation of costs. Defendants oppose the motion. The Court will address the parties' arguments below.

**II.    ANALYSIS**

Rule 54(d) states that costs (other than attorney's fees) should be awarded to the prevailing party. It is undisputed in this case that Defendants are the "prevailing party" and that the expenses Defendants seek to recover are "costs" within the meaning of Rule 54(d).

The issue presented in this case is whether the Court should depart from the general rule that such costs should be taxed against Plaintiff and awarded to Defendants. Rule 54(d) "creates

a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc., v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The losing party bears the burden of showing circumstances that justify the denial of costs. *See, e.g., Rashid v. Commc'n Workers of Am.*, No. 3:04-CV-291, 2007 WL 315355, at *2 (S.D. Ohio Jan. 30, 2007).

It is within the Court's discretion to deny costs if the losing party is indigent. *See, e.g., Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, No. 2:06-CV-413, 2012 WL 1020292, at *1 (S.D. Ohio Mar. 26, 2012). A party's indigency, however, "does not prevent the taxation of costs against him." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). "[W]hen a party claims indigency, [Sixth Circuit precedent] requires a determination of his or her capacity to pay the costs assessed." *Id*. (quoting *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987). A plaintiff is indigent is he or she "is incapable of paying the court-imposed costs at this time or in the future." *Rashid v. Comm'ns Workers of Am.*, No. 3:04-CV-291, 2007 WL 315355, at *3 (S.D. Ohio Jan. 20, 2007) (quoting *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004)).

Courts typically consider the losing party's ability to pay in context of the totality of the circumstances in each case, including the losing party's good faith, the difficulty of the case, the prevailing party's conduct, and the necessity of the costs. *See, e.g., Abdulsalaam*, 2012 WL 1020292, at *1. *See also Rashid*, 2007 WL 315355, at *3 (collecting cases in which courts taxed costs against indigent plaintiffs and considering other factors that supported an award of costs). The potential chilling effect of taxing costs in certain situations is another factor that the Court may consider. *See Abdulsalaam*, 2012 WL 1020292, at *1.

Here, Plaintiff argues that she is indigent and consequently is unable to pay the $5,560.15 in costs. Plaintiff presented evidence that she is unemployed, has no investments, no properties, and has approximately $40,000 in debt associated with student loans. Plaintiff shares a bank account with her husband, which currently contains approximately $1,800 and is used to pay their household expenses. Plaintiff has no other cash.

Regarding her likelihood of securing future employment, Plaintiff testified that she has applied for approximately 200 different jobs, to no avail. Plaintiff had accepted a relatively lucrative job offer before the events underlying this lawsuit took place; however, the suspension delayed her graduation and caused her would-be employer to rescind the job offer.

The Court finds that Plaintiff satisfies her burden in proving that she is indigent and unable to pay the $5,560.15 in costs. Defendants do not dispute that Plaintiff's financial state renders her unable to pay the cost award at this time.

Defendants argue instead that Plaintiff failed to prove that she is unable to satisfy the cost award in the future. The Court finds this argument unavailing. The fact that Plaintiff has applied for—and been rejected from—approximately 200 jobs suggests that she will be unable to pay $5,560.15 in the near future. A rule requiring plaintiffs to prove that they never will be able to satisfy a cost award in the future would impose a nearly impossible burden and would largely gut the Court's ability to decline to tax costs against indigent plaintiffs.

Defendants' argument that Plaintiff's employment history suggests that she will be able to satisfy a cost award in the future likewise fails. The fact that Plaintiff was employed and had a job offer before her suspension is not necessarily indicative of her ability to obtain employment post-suspension. The Court accepts Plaintiff's undisputed testimony that she has been unable to secure such employment despite diligent efforts to do so.

Defendants further argue that there is no chilling effect associated with awarding costs in this case and that the lack of merit in Plaintiff's case supports an award of costs.  The Court agrees to some extent.  Plaintiff does not identify any chilling effect specific to this case that would not exist in every case in which a member of a protected class sues a larger institution.  The Court also finds that any such chilling effect is counterbalanced by the positive chilling effect on future plaintiffs considering bringing a discrimination case when—as in this case—there exists no evidence of discrimination.  The Court agrees with Defendants that Plaintiff's case lacked merit, especially with respect to certain claims (such as the claim against OSU).

That Plaintiff's case was meritless does not, however, mean it was frivolous.  The fact that the OSU professor in question had referred only African-American students for discipline in the past lent some credence, albeit minimal, to Plaintiff's theory.  The murky nature of the facts surrounding Plaintiff's second suspension (such as the question of whether a different OSU professor told Plaintiff she could complete a course during her suspension) further prevents the Court from concluding that this case was frivolous.

In short, the factors Defendants cite do not outweigh the fact that Plaintiff is financially unable to pay $5,560.15 now or in the near future.  The Court accordingly exercises its discretion to decline to tax costs against Plaintiff in this case.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to set aside the Clerk's taxation of costs.  (ECF No. 106.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE